Mr. Justice S WAYNE
 

 delivered the opiuion of the court.
 

 This is á case in equity. The appellant filed his bid to
 
 *421
 
 enjoin the execution of a judgment in ejectment. The defendants demurred, and the demurrer was sustained.
 

 The court gave leave to amend upon terms which the appellant declined to accept. A decree was thereupon entered that the bill should be dismissed, and forhosts. This appeal brings the case here for review.
 

 With the leave to amend we have nothing to do. The terms imposed were within the.discretion of the court, and áre not open to examination in this proceeding.
 

 The only question before us is, whether the Circuit Court erred .in sustaining the demurrer and dismissing the case. ■ The bill is very voluminous. We will consider the points'1 to which our attention has been called, so far as is necessary ■to the proper determination of the rights of the parties.
 

 The recovery wap had in the action of ejectment, upon the ground of. forfeiture for the non-payment of the rents reserved in two leases.
 

 • Both courts of law and of equity have power to give relief in cases-of this kind. Courts of law give it upon motion, which may be made before or after judgment. If after judgment, it must be made’ before the execution is executed. The rent due, with interest and costs, must be paid. Upon this being done, a final stay of proceedings is ordered.
 
 *
 

 The first British statuté upon the subject was the 4th (Jeorge II, eh. 28. The practice is now regulated by the 15 and 16 Victoria, ch. 76. ■
 

 Courts of equity are governed by the same rules in the exercise of this jurisdiction as courts of law. All arrears of rent, interest, and cos.ts must be paid or tendered. If there be no special, reason to the contrary, an injunction thereupon goes to restrain further steps, to enforce the forfeiture. The grounds upon which a court of equity proceeds aré, that the rent is the object of the parties, and the .forfeiture only an incident intended to secure its payment; that
 
 *422
 
 the measure of damages is fixed and certain, and that when the principal and interest are paid the compensation is complete. In respect- to other covenants pertaining to leasehold estates, where the elements of fraud, accident, and mistake are wanting, and the measure of compensation is uncertain, equity will not interfere. It allows the forfeiture to be enforced if such is the remedy provided by the contract. This rule is applied to the covenant to repair, to insure, and not to assign. Lord Eldon limited the relief to cases where the lease required the payment of a specific sum of money. The authorities going beyoud this he held to be unsound, and declined to follow them. Speaking of
 
 Wadman
 
 v. Calcraft,
 
 *
 
 he said the Master of the Rolls in that case held, “ that, though against ejectment for non-payment of rent the court would relieve upon a principle long acknowledged iu this court, but utterly without foundation, it would not relieve where the right of the landlord accrued, not by non-payment of rent, but by the non-performance of covenants which might be compensated in damages.”
 
 †
 
 Such is' now the settled English rule upon the subject.
 
 ‡
 
 Iu
 
 Brace-bridge
 
 v.
 
 Buckley,
 

 §
 
 Baron'Wood, in. a dissenting opinion, made an earnest and able assault upon this doctrine. The question may be regarded as _yet unsettled in the jurisprudence of this country.
 
 ǁ
 

 Lord Redesdale held that where there were unsettled accounts between the landlord and tenant, which could not be properly taken at law, the payment or tender of money' on account of the rent might be deferred until the rights of -the parties were settled by the decree of the court, but that where the accounts were not of this character, equity would not intervene.
 
 ¶
 

 
 *423
 
 The recovery in ejectment is'an important feature .-in the pase before us. In Indiana the action is regulated by statute;, and the judgment has the same Conclusiveness and. effect as common law judgments in other cases. The judgment against the appellant established the validity of the leases, ihát he was in possession, his obligation to pay the rents reserved, and that the instalments demanded were due and unsatisfied. He is estopped from denying these facts, and from setting up . anything in this case to the contrary.
 

 In the case of the
 
 Trustees of the Wabash and Erie Canal
 
 v.
 
 Brett,
 

 *
 

 the trustees bad'leased so much of the surplus water of the canal as might be necessary for the purposes specified. The right was reserved, upon paying for the mill to be built by the lessee, to resume the use of the water leased whenever it might be necessary for navigation, or whenever its use for hydraulic purposes should be found to interfere with the navigation of the canal. It was averred that the trustees had abandoned that part of the canal, and suffered it to go to decay, so that the water-power was destroyed, and,the plaintiff’s mill rendered valueless. The court held that there was no implied coyeuant to keep the canal in repair, that the express provision for compensation in, one case excluded the implication of such right in all others, and that the plaintiff was without remedy. This case, like the one under consideration, was decided upon a demurrer by the defendants.
 

 The tendency of modern decisions is not to imply coveuants which might and ought to have been expressed, if intended.
 
 †
 
 Acovenant is never implied that the lessor will make any repairs.
 
 ‡
 
 The tenant cannot make repairs at the expense of the landlord, unless by special agreement.
 
 §
 
 If a demised house be buimed down by accident, the rent does'
 
 *424
 
 not qease. The lessee continues liable as> if the accident-had not occurred.
 
 *
 
 If in such a case the landlord receives insurance-money, the tenant has no equity to have it applied to rebuilding,.or to restrain the landlord from suing for the rent until the. structure is restored.
 
 †
 

 The
 
 Trustees of the Wabash and Erie Canal
 
 v.
 
 Brett
 
 is an authority strikingly apposite in' this case. In the leases set out in the bill, as in th$ lease in that case, the parties provided but -one remedy for a failure of water. That is, an abatement of the rent in proportion to the extent and time of the deficiency. The contract gives none other. Beyond this it is silent upon the subject. This'court cannot interpolate what the contract does not contain. We can only apply the law to the facts as we find them. The appellant is entitled to the remedy spécified. .
 
 Expressum, facit- cessare taciturn.
 
 Neither a court of equity nor a court of law can aid him to any greater extent.'
 

 This sweeps from the caáe the claims set up in the bill by •the. appellant for offset, repairs, recoupment, and damages,leaving to be considered only the claim for a reduction of the rents in the manner stipulated by the parties.
 

 ■ The appellant averk that he abandoned the premises covered by the second lease, that the appellees acquiesced, and that his title thus béeame vested in them by reverter. This is repelled by the verdict and judgment in the action of ejectment.
 

 He insists that, according to-the provision referred to in the leases, he is entitled to a reduction of the rents specifically demanded before the commencement of the action of ejectment. The-plaintiffs could not have recovered without proving to the satisfaction of the jury that the exact amount .demanded was due. Any failure in this respect would have been fatal to the action. Then was the time for the appellant-'to assert and prove this claim. He cannot do it now. The judgment is conclusive.
 

 
 *425
 
 . ' The bill claims reductions of the rents for failure of water from the second of October, 1857, when the title of the de-' fendants accrued, down to-the first of May, 1865, when the last instalments, before the filiug of the bill, became due, amounting in the aggregate to $2649. The rents, during, the same, period, amounted to a much larger sum. "Conceding the appellant’s demand to be correct, he should at least have tendered payment of the difference between these ' two amounts, and.interest, before bringing his bill.' In not alleging that he had done so the bill is fatally defective.-
 

 A case is not presented upon -which a court of equity, according to the settled principles of its jurisprudence, is authorized to interpose. The spirit manifested by the appellant throughout the litigation between the parties, as disclosed by the bill, is not persuasive to such a tribunal to lend him its aid. ' W e think the demurrer was well taken. The decree of .the Circuit Court is
 

 Aeeirmed
 

 *
 

 Tidd’s Prac., 3 Amer. Ed. 1234; Phillips
 
 v.
 
 Doelittle, 8 Modern, 345; Smith
 
 v.
 
 Parks, 10 Id. 383; Atkins
 
 v.
 
 Chilson, 11 Metcalf, 115.
 

 *
 

 10 Vesey, 68.
 

 †
 

 Hill
 
 v.
 
 Barclay, 18 Vesey, 63.
 

 ‡
 

 2 Story’s Eq.,
 
 §§
 
 1315, 1316; Davis
 
 v.
 
 West, 12 Vesey, 475; Reynolds
 
 v.
 
 Pitt, 19 Vesey, 134; Gregory v. Wilson, 10 English Law and Equity, 138; Eaton
 
 v.
 
 Lyon, 3 Vesey, 690; Hill
 
 v.
 
 Barclay, 16 Id. 402.
 

 §
 

 2 Price, 200.
 

 ǁ
 

 2 Story’s Eq., §§ 1315, 1316, and notes.
 

 ¶
 

 O’Mahony
 
 v.
 
 Dickson, 2 Schoales
 
 &
 
 Lefroy, 400; O’Connor
 
 v.
 
 Spaight, 1 Id. 305.
 

 *
 

 25 Indiana, 410.
 

 †
 

 Aspdin
 
 v.
 
 Austin, 5 Q. B. 671; Pilkington v. Scott, 15 Meeson & Welsby, 657.
 

 ‡
 

 Pomfret
 
 v.
 
 Ricroft, 1 Williams Saunders, 321, 322, note 1; Kellenberger
 
 v.
 
 Foresman, 13 Indiana, 475.
 

 §
 

 Mumford
 
 v.
 
 Brown, 6 Cowen, 475.
 

 *
 

 Moffat v. Smith,
 
 4
 
 New York, 126.
 

 †
 

 Leads v. Cheetham, 1 Simons, 146; Loft v. Dennis, 1 Ellis & Ellis, 474.