Charles H. Schimelfenig et al., Appellants, v. Grace L. Howell, Appellee.

Gen. No. 17,129.

LANDLORD AND TENANT—*forfeiture by breach of covenant to pay taxes.* Equity will not relieve from a forfeiture incurred by a breach of a covenant to pay taxes where the property has been sold therefor as the covenant can no longer be performed.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 1, 1912.

COLSON & JOHNSON, FRED PLOTKE and FREDERICK TAYLOR, for appellants.

OSSIAN CAMERON and FRANK JOHNSTON, JR., for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an appeal from a decree dissolving a temporary injunction, and dismissing the bill on demurrer for want of equity.

The bill was filed by certain owners of a leasehold interest in real estate to prevent the landlord from enforcing a forfeiture of the lease and from prosecuting a pending action of forcible detainer for the recovery of the premises.

Among the covenants of the lease was an agreement of the lessees to pay the taxes. The premises were sold September 17, 1909, for failure to pay the general taxes for the year 1908, and were redeemed from said sale by appellee, the owner, October 4, 1909.

The sole question involved is whether in such a case, in the absence of any special circumstances of fraud, accident or mistake, a court of equity will relieve against a forfeiture incurred by the breach of a covenant to pay taxes after the property has been sold therefor.

It is contended that the right to relief from forfeiture in such a case is not different in principle from a right to equitable relief in case of a breach of a covenant to pay rent—from a forfeiture for which a court of equity will, in the absence of bad faith, when the damages can readily be ascertained, grant relief upon the making of full compensation. Sheets v. Selden, 7 Wall. 416. And such has been the holding in cases where the property had not gone to sale for taxes. Noyes v. Anderson, 124 N. Y. 175; Tibbetts v. Cate, 66 N. H. 550. And the principle has been applied when the property was sold and redeemed from such sale by the lessee before he applied for equitable relief. Giles v. Austin, 62 N. Y. 486. The general principle upon which the court of equity granted relief in the cases cited was that "the rent is the object of the parties, and the forfeiture only an incident intended to secure its payment; that the measure of damages is fixed and certain, and that when the principal and interest are paid the compensation is complete." Sheets v. Selden, *supra.*

But in the case of Kann v. King, 204 U. S. 43, and in the case of Gordon v. Richardson, 185 Mass. 492, the premises, as in the case at bar, had been sold for taxes, and in each case relief from forfeiture of the lease for breach of covenant to pay taxes was denied.

In the Kann case, *supra,* the court says: "When the

foundation upon which the doctrine is based is borne in mind, it becomes apparent that it affords no ground for the contention that it is applicable to a case where the failure to perform a covenant to pay taxes has led to a tax sale, ripening into a *prima facie* irredeemable title held adversely to the lessor. In other words, the doctrine lends no support to the proposition that a court of equity can require an owner to risk the loss of his property by compelling him to engage in a contest involving the validity of an irredeemable tax sale, for the purpose of endowing the tenant with the right, if the tax sale be held invalid, to pay the taxes, and thus be relieved of a forfeiture." (p. 55).

In the Gordon case, *supra,* the court says: "The thing here in question secured by the right of re-entry not only has not been performed, but it cannot be performed now. The tax * * * has been paid and no longer can be paid by the plaintiff. The tax was paid to the collector by the application thereto of the proceeds of the tax sale. There is a right to redeem this tax title, but the tax has been paid, and the thing secured by the landlord's right of re-entry can no longer be performed by the tenant. By the very terms of the covenant secured by the forfeiture, any performance of it is at an end, and that is the end of plaintiff's application for relief from the forfeiture in the case at bar."

These cases seem to us conclusive in their reasoning of the right to the relief prayed for in the case at bar. If a lessee who has covenanted to pay the taxes may stand by and see his landlord's property sold for nonpayment of taxes and thereafter claim relief from forfeiture on the theory that it will yield to the principle of compensation regardless of his culpability and the trouble and litigation to which the landlord may have been put to save his title, then there would appear to be no time before the landlord ac-

tually loses his title when the lessee may not have relief if the landlord's expenses and damages can be ascertained and are tendered.

We are disposed to accept the doctrine laid down in the Gordon case, *supra*, that after the sale the covenant to pay taxes cannot be performed. Furthermore, we consider it inexcusable neglect for a lessee who obligates himself to pay his landlord's taxes, to permit the property to go to sale and thus subject the landlord to the trouble and danger such a situation entails, where, as in the case at bar, the only excuse offered for failure to pay the taxes is that one of the lessees relied upon an arrangement with another nonresident lessee to pay the same.

The decree will be affirmed.

*Affirmed.*