## DAVIS et al. v. TAYLOR et al.

(Court of Appeals of District of Columbia. Submitted October 6, 1921. Decided November 7, 1921.)

No. 3647.

1. **Courts ⟲189(7)—Landlord's statement in municipal court must advise tenant of grounds for relief.**

Though no formal pleading is required in the municipal court in cases by a landlord to recover possession from the tenant, the landlord is required by Code, § 20, to file a complaint which implies that, however informal, it must be sufficient to state the grounds upon which he asks for relief, and therefore must advise the tenant of the breach claimed by the landlord.

2. **Courts ⟲190(3½)—Ground not alleged in municipal court complaint not available.**

A landlord cannot in the Supreme Court of the District on appeal from the municipal court in a proceeding to dispossess a tenant rely on a breach of the lease not alleged by him in his complaint in the municipal court.

3. **Landlord and tenant ⟲108(2)—Tender of past-due rent at any time before execution defeats forfeiture.**

The provisions of a lease for forfeiture for nonpayment of rent are construed to be intended to enforce payment of the rent, so that a tender of the past-due rent with interest by the tenant, made at any time before the execution of judgment dispossessing him, defeats the forfeiture.

Appeal from the Supreme Court of the District of Columbia.

Landlord and tenant proceeding by F. E. Davis and another against Rose C. Taylor and others. From a judgment of the Supreme Court on appeal from the municipal court, overruling landlords' motion for judgment, the landlords appeal. Affirmed.

W. Gwynn Gardiner, of Washington, D. C., for appellants.

Wilton J. Lambert and William G. Johnson, both of Washington, D. C., for appellees.

SMYTH, Chief Justice. This case is here on a special appeal allowed by the court. It is a contest between the lessors and lessee of the Bellevue Hotel, Washington.

Rose C. Taylor was in possession under a lease made by the lessors with one Peter Taylor, Jr., which by its terms as extended is to expire on October 1, 1922. The rent was to be paid monthly in advance, and, if not paid within ten days after it became due, or if the tenant allowed "process or execution to issue against him in any suit at law or in equity," the lease was to wholly cease and determine, at the option of the lessors. Taylor died in September, 1920, leaving a will by which the appellee, his widow, was made sole beneficiary of his estate, as well as executrix of his will. She accepted the trust and duly qualified as executrix. At the time of his death Taylor was in default with respect to the rent for the months of August and September. For the recovery of this rent action was brought by the landlords, and an at-

⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tachment was issued and served. Later the rent was paid not only for August and September, but also for October and November. But rent which became due on the 1st of December and payable on or before the 10th was not paid, and in consequence this action was commenced in the municipal court against the appellee individually and as executrix.

In the complaint it was stated as the ground of the action that the landlords desired to exercise their option to declare the conditions of the lease broken by the lessees "by reason of their failure to pay the installment of rent due on the first day of December, 1920, and by reason of their failure to pay the installment of rent for the months of August, September, October and November" when the same became payable, and they claimed forfeiture of the lease "as to each month thereof." When the cause was called for trial in the municipal court on the 4th of January, 1921, the tenant tendered the lessors the full amount of the rent then due, with interest and the costs, and asked that further proceedings be stayed. The tender was refused and thereupon judgment was entered for the lessee. From this judgment the lessors appealed to the Supreme Court and there filed an affidavit of merit under Rule 19 of that court, in which they set up substantially what was embodied in their complaint, and, in addition, the attachment proceedings which we have mentioned. They claimed that the issuance and levy of the attachment worked a forfeiture of the lease and gave them the right to re-enter and take possession of the premises. The tenant's affidavit of defense admitted in effect the allegations of fact made by the lessors in their affidavit of merit, but also stated that while John R. McLean, Mary McLean Ludlow, and Mildred Dewey were the lessors in the lease with Peter Taylor, Jr., the suit in which the attachment was issued was instituted by F. E. Davis and F. H. Bugher, together with Mildred Dewey; that the lessee was not advised of the changes of ownership of the property; that by reason of having been called upon to pay on the 4th of December the entire amount of rent then due, she was not able to raise the money to pay the rent for the month of December, which was payable on or before the 10th of that month; and that this was the sole reason for her default in that respect. She renewed her tender of the rent then due, with interest and costs. The landlords moved for judgment on the ground that the affidavit of defense was not sufficient, but the motion was overruled, and the case comes here for our review, under section 226 of the Code, providing for appeals from interlocutory orders in certain cases.

Two questions are presented by the record: (1) Whether the provision in the lease providing for a forfeiture in case the tenant allowed process or execution to issue against him can be availed of in this suit, and, if it can, whether or not the issuance of the attachment at the instance of the landlords was a violation of the provision; and (2) if not, whether the tender of the rent in the municipal court, which was renewed in the Supreme Court, did not have the effect of removing the forfeiture which resulted from the default in the payment of the rent.

[1, 2] 1. While no formal pleading is required in the municipal

court in cases brought by a landlord to recover possession of the demised premises from the tenant, he is required by the Code (section 20) to file a complaint, which implies that he must place in writing a statement, however informal, of the grounds upon which he asks for relief. The complaint should be sufficient to advise the tenant of the breach which the landlord claims gives him a right to recover possession of the property, and if the complaint states only one ground the landlord must be confined to that ground on appeal to the Supreme Court as well as to this court. Here the landlords in their complaint advised the tenant that by reason of her failure to pay the installments of rent due on certain dates mentioned, her lease was forfeited. It was on this ground, and this ground only, that they sought relief in the court of first instance. When they reached the Supreme Court it was too late for them to assert a new and additional ground. Consequently, they cannot now say that a forfeiture resulted by reason of the tenant's allowing the attachment to be issued and levied. Whether or not the issuance and levy of the attachment constituted a violation of the lease, we do not find it necessary to decide.

[3] 2. Ever since the decision of the Supreme Court of the United States in Sheets v. Selden, 7 Wall. 416, 421, 19 L. Ed. 166, it has been the settled law of all federal jurisdictions, except where controlled by statute, that the payment of the rent due, with interest and costs, or the tender of them, before the execution of the judgment for possession, relieves against the forfeiture resulting from the default in the payment of the rent. In that case the lease provided that all the rights and privileges of the lessee should cease and determine if any rent should remain unpaid for one month from the time it became due, and the lessor was given the power to enter and take possession of the premises. The tenant having defaulted and having refused to yield possession, an action in ejectment was brought against him wherein a judgment for possession was rendered in favor of the lessor. Sometime thereafter the tenant brought a suit in equity to restrain the enforcement of the judgment in the ejectment suit, on the ground that while the ejectment was pending he tendered to the purchaser the amount of the rent then due. Judgment went against him upon a demurrer challenging the sufficiency of the bill, and he brought the case to the Supreme Court for review. The question presented was whether or not the tender removed the forfeiture—the precise question in this case. The court disposing of the point said:

"Both courts of law and of equity have power to give relief in cases of this kind. Courts of law give it upon motion, which may be made before or after judgment. If after judgment, it must be made before the execution is executed. The rent due, with interest and costs, must be paid. Upon this being done, a final stay of proceedings is ordered."

Further on in the opinion we read:

"The grounds upon which a court of equity proceeds are, that the rent is the object of the parties, and the forfeiture only an incident intended to secure its payment; that the measure of damages is fixed and certain, and that when the principal and interest are paid the compensation is complete."

The doctrine of this case is referred to and approved in Prout v. Roby, 15 Wall. 471, 477, 21 L. Ed. 58. Many years afterwards, in Kann v. King, 204 U. S. 43, 54, 27 Sup. Ct. 213, 216 (51 L. Ed. 360), a case arising in this District, the court, distinguishing the Sheets Case from the one then before it, said that it was elementary that a court of equity would "relieve against a forfeiture incurred by the breach of a covenant to pay rent, on the payment or tender of all arrears of rent and interest by a defaulting lessee." These decisions are controlling, and settle beyond question the law for this jurisdiction. According to them, the tender of rent, interest, and costs may be made before or after judgment, but, if after judgment, it must be made "before the execution is executed." In the instant case the tender was made before judgment.

We have found no decision modifying the doctrine of the Sheets Case with respect to the point under consideration. Counsel has brought to our attention decisions and texts which say that it is no part of a court's duty to make a contract for the parties—that its power is limited to enforcing the contract as made. This is axiomatic. But before a contract is enforced it must be understood. Its meaning must be sought out and determined. Interpreting the covenant of the lease in question in the light of the law, as we must do, it signifies that since the forfeiture provided for therein has the single purpose of securing the payment of the rent, the moment the rent, interest, and costs are paid or tendered, provided this is done while the tenant is in possession, the forfeiture disappears. The debt having been paid, there is no occasion for resorting to the security. Of course, the tender must be kept good, as it is here.

The action of the court in overruling the motion for judgment is sustained, with costs.

Affirmed.