### SAKS v. B. H. STINEMETZ & SON CO., Inc.

(Court of Appeals of District of Columbia. Submitted October 11, 1923. Decided December 3, 1923.)

No. 3942.

1. **Appeal and error ⚖️544(3)—Bill of exceptions unnecessary, questions appearing from record.**

   Where the questions involved on a writ of error sufficiently appear from the pleadings and proceedings of record, a bill of exceptions was unnecessary.

2. **Appeal and error ⚖️726—Assignment of error held sufficient, adverse party being apprised of its scope.**

   Where defendant urged but one ground on his motion to dismiss complaints, and the court's order simply sustained the motion, an assignment of error "in granting the defendant's motion to dismiss and dismissing plaintiff's complaints" *held* sufficient, as defendant was fully apprised of the scope of the error assigned.

3. **Bankruptcy ⚖️438—Receiver not necessary party to suit against bankrupt, composition being accepted and confirmed.**

   Where the supplemental petition in lessor's suit to recover possession of the premises was filed after the acceptance by creditors and confirmation by the court of a composition, under Bankruptcy Act, § 70f (Comp. St. § 9654), lessee's receiver was not a necessary party, in view of section 21g (Comp. St. § 9605).

4. **Courts ⚖️190(3½)—Defense not interposed below cannot be insisted on in Court of Appeals.**

   An equitable defense, which was not interposed below by bill or motion, as provided by Act March 4, 1923, cannot be insisted on in the Court of Appeals.

5. **Courts ⚖️191(3½)—Question argued in Court of Appeals decided, though not raised below.**

   Where, though a defense was not interposed in the municipal court, both parties discussed it in their briefs and on oral argument, and remanding the case without deciding it would merely result in delay and additional expense, the Court of Appeals will consider and decide it.

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Landlord and tenant ⊜⊃101½—Court will not relieve against forfeiture of lease under provision authorizing it in case of lessee's bankruptcy.**

Where a petition in bankruptcy has been filed against lessee, a receiver appointed, and a composition effected, the court will not relieve against a forfeiture under a provision of the lease giving lessor an option to forfeit the lease in case bankruptcy proceedings were instituted by or against lessee.

**7. Landlord and tenant ⊜⊃108(1)—Relief against forfeiture for nonpayment of rent may be granted.**

In the absence of statutory provisions to the contrary, relief may be granted against forfeiture of a lease for nonpayment of rent.

In Error to the Municipal Court of the District of Columbia.

Action by Isadore Saks against the B. H. Stinemetz & Son Company, Incorporated. A judgment of dismissal was entered, and plaintiff brings error. Reversed, and cause remanded for a new trial.

Leon Tobriner and Byron U. Graham, both of Washington, D. C., for plaintiff in error.

S. R. Bowen, of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. This is a writ of error to the municipal court of the District of Columbia and involves a decision of that court dismissing plaintiff in error's complaint, instituted to recover possession of premises leased by him to the defendant in error. The parties will be referred to here as plaintiff and defendant.

According to the averments of the original complaint, filed September 2, 1922, plaintiff leased to the defendant for a term of years premises known as Nos. 1201, 1201½, and 1203 F Street Northwest, in the city of Washington, at an annual rental of $18,000 payable monthly in advance, the eleventh clause of the lease being in part as follows:

"And if the tenant, its successors or assigns, shall become insolvent, or if proceedings in bankruptcy shall be instituted by or against it, or if it shall compound its debts or assign over its estate or effects for the payment thereof, or if any execution or attachment shall issue against it or any of its effects whatsoever, whereupon the demised premises shall be taken or attempted to be taken, or if a receiver shall be appointed of its property, or if this lease shall, by operation of law from any cause whatsoever, devolve upon or pass to any person or corporation other than the tenant and persons and corporations to whom, with the consent of the landlord, his heirs and assigns, indorsed thereon, the same may be assigned by the tenant, then in each of such cases it shall and may be lawful for the landlord, his heirs or assigns, at his or their election into and upon the said demised premises or property, or any part thereof, in the name of the whole, to enter, and the same to have, hold, possess, and enjoy as of his former estate, discharged from these presents, and the demise intended to be hereby made as aforesaid, anything herein contained to the contrary thereof in any wise notwithstanding."

On August 14, 1922, proceedings to adjudge the defendant a bankrupt were instituted in the Supreme Court of the District of Columbia, and concurrently therewith there was filed a petition for the appointment of a receiver of the assets. On the same day the defendant filed its answer, and, while not admitting any of the allegations of the peti-

tion for bankruptcy, interposed no objection to the appointment of a receiver for the preservation of its assets. Accordingly, on the same day, the court appointed a receiver, who, on the day following, petitioned and obtained from the court authority to conduct the business of the defendant. Thereupon the plaintiff, in a written communication, notified the defendant that he elected to terminate the lease.

The receiver was not made a party to the suit to recover possession. The defendant filed a plea challenging the jurisdiction of the court; the contention being that, through the bankruptcy proceeding, the Supreme Court of the District, holding a bankruptcy court, "assumed jurisdiction and took possession of defendant company's assets and property." Defendant also filed a motion to dismiss, upon substantially the same ground.

Before the court had passed upon these motions, or on October 23, 1922, plaintiff, by leave of court, filed a supplemental complaint, with exhibits, from which complaints and exhibits the following appears: On September 11, 1922, defendant filed its petition in the bankruptcy proceeding, setting forth that a 40 per cent. composition of all its debts had been submitted to its creditors, and had been accepted by a majority in number and amount of all proven claims and those which might be allowed. Defendant averred its readiness to pay the necessary amount, and prayed a reference to the receiver in bankruptcy for the purpose of consummating the composition. The reference was made, and the bankruptcy proceeding stayed. Thereafter the referee filed his report, showing that the offer of composition had been accepted. Upon the prayer of the defendant, a depository was named, for the purpose of carrying out the composition. Subsequently, or on October 5, 1922, defendant petitioned the court to confirm the composition and the matter came on for hearing on October 18th following, when the court, after reciting what had taken place, confirmed the composition in the following terms:

"The court being satisfied in all of the particulars specified in section 12b of the Bankruptcy Act, it is this 18th day of October, 1922, ordered that said composition be and the same hereby is in all things confirmed."

Upon the filing of plaintiff's supplemental complaint, in which the averments of the original complaint were reaffirmed, a summons issued to the defendant. Thereupon defendant filed a plea challenging the jurisdiction of the court upon the ground of the pendency of the bankruptcy proceeding. By agreement of counsel, the case was heard upon defendant's several pleas and motion to dismiss. The court overruled the plea to the jurisdiction, but sustained defendant's motion to dismiss, and plaintiff excepted.

[1, 2] The defendant first suggests that the writ of error should be dismissed because of plaintiff's failure to include "in the record a bill of exceptions," and for failure to include in the brief an assignment of errors. Since the questions involved sufficiently appear from the pleadings and proceedings of record, a bill of exceptions was unnecessary. Evans v. Humphreys, 9 App. D. C. 392; Clinton v. Mo. Pac. Ry., 122 U. S. 469, 7 Sup. Ct. 1268, 30 L. Ed. 1214; Moline Plow Co. v. Webb, 141 U. S. 616, 623, 12 Sup. Ct. 100, 35 L. Ed. 879. In

plaintiff's brief he has assigned as error the action of the court "in granting the defendant's motion to dismiss and dismissing plaintiff's complaints." In the circumstances of the case, this was sufficient. But one ground was urged by the defendant, namely, the pendency of the bankruptcy proceeding, and the order of the court simply sustained the motion, so that defendant was fully apprised of the character and scope of the error assigned.

[3] The supplemental complaint, upon which a summons issued, as already noted, was in substance and effect a new complaint, and was so treated by the parties and the court below. The status of the parties, therefore, at the time of the filing of this supplemental complaint, is determinative of the question whether the receiver should have been made a party to the proceeding. As we have seen, the composition had been accepted by the creditors and confirmed by the court prior to the filing of this complaint. Such compositions in bankruptcy are authorized by the Bankruptcy Act of 1898 (30 Stat. 544), and under section 70f of that act (Comp. St. § 9654) it is provided that, upon confirmation of a composition offered by a bankrupt, title to his property shall thereupon revest in him. By section 21g of the act (Comp. St. § 9605) it is further provided that a certified copy of the order of confirmation shall constitute evidence of the reinvesting of the title, and, when recorded, shall impart the same notice as a recorded deed from the trustee to the bankrupt. In Cumberland Glass Co. v. De Witt, 237 U. S. 447, 35 Sup. Ct. 636, 59 L. Ed. 1048, the court said:

"The order of confirmation becomes in effect a discharge, and is pleaded in bar with like effect. It operates to discharge the bankrupt from all debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge. * * * The effect of the composition proceeding is to substitute composition for bankruptcy proceedings in a certain sense, and in a measure to supersede the latter proceeding, and to reinvest the bankrupt with all his property free from the claims of his creditors."

See, also, In re Frischknecht, 223 Fed. 417, 139 C. C. A. 11.

When, therefore, the supplemental petition was filed, the bankruptcy proceeding had been superseded by the composition proceeding, and the title to defendant's property had reinvested in it. The receiver no longer was interested, and it results that he was not a necessary party to the proceeding.

[4, 5] An equitable defense was not interposed below by bill or motion, as provided by the Act of March 4, 1923 (42 Stat. 1506), and therefore could not be insisted upon here. The parties, however, have discussed the question, both in their briefs and oral argument, and, since the remanding of the case without deciding this question would result in delay and additional expense, and for the further reason that proceedings in the municipal court are somewhat informal, we deem it our duty to dispose of the question now.

[6] The provisions in the eleventh paragraph of the lease, to which we have referred, are in the disjunctive. When the supplemental complaint was filed, bankruptcy proceedings had been instituted, a receiver had been appointed, and a composition effected. It is too plain to admit of argument, therefore, that there had been a breach of the express terms of this paragraph. Indeed, a motion for equitable re-

lief presupposes a forfeiture. Gordon v. Richardson, 185 Mass. 492, 70 N. E. 1027, 69 L. R. A. 867; 16 R. C. L. p. 1151. We come, then, to the question whether, in the absence of special circumstances of fraud, accident, or mistake, relief may be granted against a forfeiture incurred by the breach of collateral covenants such as here involved.

[7] That, in the absence of statutory provisions to the contrary, relief may be granted against forfeiture for the nonpayment of rent, is settled law. Davis v. Taylor, 276 Fed. 619, 51 App. D. C. 97; Sheets v. Selden, 7 Wall. 416, 19 L. Ed. 166; Kann v. King, 204 U. S. 43, 27 Sup. Ct. 213, 51 L. Ed. 360. The ground of this relief, however, is that rent is the object of the parties, and forfeiture merely an incident intended to secure its payment; that the measure of damages is fixed and certain, and hence that, when principal and interest are paid, compensation is complete. In England, until a different rule was provided by statute, it was settled that equitable relief ordinarily would not be granted in case of waste (Peachy v. Somerset, 1 Stra. 447), for breach of a covenant to make repairs (Hill v. Barclay, 16 Ves. 402, and 18 Ves. 56), or in case of the breach of a covenant to insure (Reynolds v. Pitt, 19 Ves. 134). The ground of the denial of relief in these cases was the impossibility, on the part of the tenant, of showing that compensation could be made. In Fonblanque's Equity, first published in 1737, it is said:

"Where it [the covenant] is for the doing of a collateral act, they cannot know of what value it is to the party." 1 Fonbl. Eq. b. 1, c. 6, § 4.

In 1 Ch. Prac. 32, Maddock says:

"Equity will only relieve, where the thing may be done afterwards, or a compensation can be made for it; but unless a full compensation can be given, so as to put the party precisely in the same situation, a court of equity will not interfere, for such a jurisdiction would be arbitrary."

In Kann v. King, 204 U. S. 43, 27 Sup. Ct. 213, 51 L. Ed. 360, it was held that, whatever power a court of equity may have to relieve a tenant for forfeiture of a covenant to pay taxes, it cannot require the owner to risk the loss of his property by compelling him to test the validity of an irredeemable tax title based on taxes the tenant neglected to pay; in other words, the court withheld relief because of a forfeiture through the failure of the tenant to pay taxes. After adverting to the rule established in Sheets v. Selden, 7 Wall. 416, 19 L. Ed. 166, that relief would be granted from a forfeiture for the non-payment of rent, the court said:

"When the foundation upon which the doctrine is based is borne in mind, it becomes apparent that it affords no ground for the contention that it is applicable to a case where the failure to perform a covenant to pay taxes has led to a tax sale, ripening into a prima facie irredeemable title held adversely to the lessor. * * * To extend the principle to such a degree would be destructive of rights of property, since it would subject every one who made a lease of his property, containing a covenant by the lessee to pay taxes, to the hazard of the loss of his title, if only the tenant chose to violate the covenant, and thus give rise to the coming into existence of a tax title, prima facie valid and irredeemable in character."

In Dunklee v. Adams, 20 Vt. 415, 50 Am. Dec. 44, the court, after a careful review of the authorities, declined to relieve from a forfeiture

293 F.—64

growing out of the breach of covenants for the performance of certain personal services and for the delivery from time to time of certain specific articles, saying:

"In such a case the time for the performance of the service is of the very essence of the contract; it certainly can never be done afterwards. It is impossible to put the party in the precise situation he would have been in, if the condition had been performed."

It is apparent from the rent named in this lease that the property involved is of very considerable value; hence it was of particular importance to the plaintiff landlord to have a successful and solvent tenant. To that end, presumably, these covenants were inserted in the lease. The defendant, by signing the lease, accepted its covenants and is bound by them. What would be the measure of compensation should the court attempt to write a new contract for the parties? It could not alter the unfortunate circumstance ·that a petition in bankruptcy has been filed against the defendant, a receiver appointed, and a composition effected. In other words, it could not give the plaintiff landlord the kind of a tenant for which he covenanted in the lease. Presumably the plaintiff considered these covenants of peculiar or special value to him. His right to incorporate them in the lease is not and could not be denied, and there is no standard by which the court can measure the compensation to him for their breach. We therefore are constrained to rule that this is not a case where relief may be awarded from a forfeiture.

It results that the judgment must be reversed, with costs, and cause remanded for a new trial.

Reversed.