Adolph Cohen  
vs.  No. 9160.  
Ernest C. Sherman, et als.

October 18, 1929.

BAKER, J. Final hearing.

In this case the complainant is seeking the specific performance of an option of renewal in a lease made by the respondents as lessors to the complainant as lessee, which lease expired August 6, 1928. The option of renewal was for a further five-year period.

It is admitted that the complainant gave to the respondents proper and timely notice of his intention to renew. They, however, contend that the complainant is not entitled to the relief he asks for because he has failed to perform two covenants of the lease relating respectively to repairs and the placing of insurance on the property in question.

The lease, which was dated June 23, 1923, contained the provision that the lessee should make all necessary repairs to the premises and the buildings thereon, both interior and exterior, including the painting. It also contained a covenant that the lessee should maintain fire insurance on the buildings on the premises for the benefit of the lessors to cover the reasonable value of such buildings as estimated by the lessors, such insurance in no event to be less than $15,000.

The law relating to such a situation seems well settled. Apparently equity frequently will relieve against a forfeiture by reason of non-payment of rent, but in respect to other covenants relating to the leasehold estate, equity will usually not interfere unless there appears in the case the elements of fraud, accident or mistake.

*Sheets* vs. *Selden*, 7 Wall. 416; 16 R. C. L., page 1148, sec. 668;

Taylor's Landlord & Tenant, 8th ed., sec. 337; 35 C. J. 1024.

The chief question raised in this case is whether or not the complainant has been guilty of a breach of either or both of the covenants in the lease above referred to in such a way as to prevent his claiming the option of renewal.

The Court will consider first the matter of repairs.

The testimony presented shows the complainant to be a man about 80 years old, who has been in the retail shoe business at the location involved for upwards of 50 years and in the present building about 40 years. The building now occupied by the complainant and covered by the lease in question was built by him some 40 years ago at a cost of about $10,000. It was

slightly enlarged 30 years ago and in 1906 a new front was built at a cost of several thousand dollars. Besides hearing the testimony and seeing the witnesses the Court has had the benefit of a view of the premises.

The respondents contend that the evidence shows that the complainant did not keep the premises in repair, more particularly in regard to certain painting, pointing of brick-work, repairing of clapboards and leaders, and other matters. It seems quite clear to the Court that the provision relating to "all necessary repairs" must be construed reasonably and with fairness to both lessors and lessee. Clearly the failure on the part of the lessee to keep the premises in absolutely perfect condition and to repair every small and minute defect should not, in the judgment of the Court, be considered a breach of the covenant. From the evidence presented, it is by no means clear that in October 1927, when the lessee was informed that the lease would not be renewed, any necessary repairs were at that time needed. In fact, there is considerable written evidence which tends to support the lessee's claim that at this time the premises were in good condition. Under date of January 14, 1927, Mr. Collinge, a witness, writes that the building was well preserved, and that there was little deterioration (Exhibit 6). In September, 1927, respondents authorized Willmarth-Mackillop, Inc., to make an appraisal (Exhibit 16). On November 15, 1927, they wrote that the condition of the building was as good as could be expected (Exhibit 19). On August 23, 1927, one of the respondents wrote to the complainant in relation to having an inspection of the building to ascertain its condition (Exhibit 2 A). To this proposition the complainant gave his consent but heard nothing more about the matter from the respondents. No complaint was made to the lessee about the condition of the premises either by the respondents or their attorney until proceedings had been started.

It seems fair to assume that several of the matters pointed out by the respondents' witnesses in relation to repairs have occurred subsequent to October, 1927, and while these proceedings were pending. The Court is of the opinion that several of the complaints relate to rather small and insignificant matters which cannot properly come under the head of necessary repairs, and after a careful examination of the evidence, it feels satisfied that the condition of the buildings as a whole were good. The testimony relating to the painting in the complainant's own store is somewhat conflicting. One of the respondents' chief witnesses, however, admitted that this paint was not cracked or peeling off and, while undoubtedly a coat of paint would make the interior of the store fresher and more presentable, the Court does not feel that it can say on all the testimony that it was a necessary repair under the covenant in question.

The Court finds, therefore, that the lessee has not committed a breach of the covenant to make necessary repairs and that the respondents have no right of re-entry for this cause.

In regard to the covenant relating to fire insurance, it appears that for many years the sum of $15.000 was carried. The lease in question was the first one to provide that the lessee should maintain the insurance. In December, 1926, the respondents, through their attorney, demanded that the lessee maintain insurance in the sum of $35 000 on the buildings. Complainant demurred at this amount, stating that it was unreasonable and that the buildings were not worth that sum and consulted his attorney and his insurance broker. Thereafter, an appraisal was made as a result of which the com-

plainant placed insurance on the premises in the sum of $25,500.

The respondents contend that under the provisions of the lease they have the exclusive right to estimate the reasonable value of the buildings. The Court is satisfied that in general they have this right but it would certainly seem that this right is limited in that their estimate of the value of the building must be within reason. It would appear that the respondents under this covenant of the lease would have no right to require the lessee to carry at his expense a very large and unreasonable insurance. The question, therefore, seems to be whether the request for insurance of $35,000 was unreasonable.

Both sides introduced a mass of testimony relating to the replacement and sound values of the buildings in question. This testimony was given by very competent witnesses such as contractors, appraisers, insurance men, and the like. The figures as to sound value vary, roughly speaking, between $24,000 and $50,000, some of the witnesses using the cubic foot method in arriving at their results, others, the detailed method.

In the letter (Exhibit 4) written by the respondents' attorney to the complainant the number of cubic feet in the buildings was placed at 180,000 and a value of 20 cents per cubic foot was allowed, making the figure of $36,000, upon which, apparently, was based the request for $35,000 insurance.

As a matter of fact, it quite clearly appears that the number of cubic feet in the building is 140,000, which at 20 cents per cubic foot would aggregate $28,000. The appraisal by Willmarth-Mackillop, Inc., which was ordered by the respondents but which, apparently, they refused to accept, placed the sound value of the buildings at $24,000. It is very clear from an examination of the testimony that there is no wilful default or culpable negligence on the part of the complainant in refusing to place $35,000 on the buildings. He apparently has acted in good faith in that he immediately placed upon the premises insurance in the amount of $25,500, which sum represented the sound value of the buildings as reported by the insurance broker.

After a careful consideration of all the testimony, the Court finds that the amount of insurance asked for by the respondents was not reasonable and was in excess of the reasonable value of the buildings. In the judgment of the Court, therefore, the complainant did not commit a breach of the covenant relating to fire insurance by his failure to place the sum of $35,000, as requested by the respondents, upon the premises in question, and that, therefore, there is no right of re-entry in the respondents in this connection.

In view of the fact, however, that the evidence as to sound and reasonable value of the buildings is conflicting, the Court, after careful consideration, is of the opinion that in order to fairly protect the rights of the respondents under the lease, the reasonable value of said buildings should be considered to be $30,000, and that, therefore, the complainant, before he is entitled to the relief prayed for, should within such reasonable time as may be fixed by decree place additional insurance of $4500, making a total of $30,000, on the premises, and should also change the form of all the policies to such type as the respondents may desire for the purpose of giving them better protection. If this is done, then the Court finds that the complainant is entitled to the granting of the prayers of his bill, otherwise the bill should be dismissed.

For complainant: P. C. Joslin.

For respondents: Swan, Kierney & Smith.