### TRANS–LUX RADIO CITY CORPORATION v. SERVICE PARKING CORPORATION.

No. 506.

Municipal Court of Appeals for the District of Columbia.

July 9, 1947.

Rehearing Denied July 24, 1947.

Louis M. Denit, of Washington, D. C. (Coleman L. Diamond, of Washington, D. C., on the brief), for appellant.

Godfrey L. Munter, of Washington, D. C. (William H. Collins, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

On June 5, 1944, Mrs. Evalyn Walsh McLean filed in the Landlord and Tenant Branch of the Municipal Court a complaint for possession of unimproved real estate used as a parking lot on the ground of nonpayment of rent by Service Parking Corporation, hereinafter referred to as the tenant. Thereafter Trans-Lux Radio City Corporation, successor to the interests of Mrs. McLean, and hereinafter referred to as the landlord, was added as party plaintiff and prosecuted the action. The case was twice tried and on December 8, 1945, the landlord was awarded judgment for possession. An appeal was taken to this court and on May 22, 1946, we affirmed the judgment. Service Parking Corporation v. Trans-Lux Radio City Corporation, D. C. Mun.App., 47 A.2d 400, 405.

In our decision, considering the tenant's complaint that the trial court failed to make special finding as to the exact amount of rent due, we said that from the court's findings "simple arithmetic showed that as of the date of the filing of the amended bill of particulars (August 21, 1945) $70,291.34 was due on account of rent." Our decision concluded with the following paragraph: "In the interest of clarity and in order to avoid confusion as to the amount necessary to satisfy the judgment for possession, we think the judge's finding as to the amount of rent due should be shown in the minute entry of judgment. Accordingly, we order that the judgment below be modified to show that the judgment for possession was entered for nonpayment of rent in the sum of $70,291.34, which sum was due for rent through August 1945. As so modified the judgment will be affirmed."

The tenant petitioned the United States Court of Appeals for allowance of an appeal from our decision and that court de-

nied the petition on December 16, 1946. Promptly thereafter the tenant tendered to the landlord certified checks aggregating $75,779.74, representing $70,291.34 for rent due through August 1945, interest on that sum from that time to date, and court costs, with a statement that the tenant was prepared to pay the rent accrued since August 1945. The landlord refused to accept the tender and the tenant then filed a motion in the trial court reciting refusal of the tender and asking to be allowed to deposit the money in court, that execution of the judgment be stayed and that the judgment be entered satisfied of record. At hearing on the motion the tenant again tendered the certified checks aggregating $75,779.74 and another certified check for $38,958.22, representing rent from September 1, 1945, to January 31, 1947. Again the landlord refused the tender and the court, holding the original tender sufficient, permitted the tenant to pay into the registry of the court the sum of $75,779.74 and ordered the judgment for possession entered satisfied of record.

The landlord has appealed and urges two main grounds for reversal: (1) The tenant was precluded from avoiding a forfeiture; and (2) even if not so precluded, the tender was insufficient.

■■ At least since Sheets v. Selden, 7 Wall., U.S., 416, 19 L.Ed. 166, it has been the rule in this jurisdiction that a court of law or equity may relieve a tenant from forfeiture of his lease for nonpayment of rent by permitting him before or after judgment, so long as he is in possession, i. e., before "execution is executed," to pay the rent due, with interest and costs. Upon this being done, a final stay of proceedings is ordered. See also Kann v. King, 204 U.S. 43, 27 S.Ct. 213, 51 L.Ed. 360; Saks v. B. H. Stinemetz & Son Co., 54 App.D.C. 38, 293 F. 1005; Sechrist v. Bryant, 52 App.D.C. 286, 286 F. 456; Davis v. Taylor, 51 App.D. C. 97, 276 F. 619. The landlord, acknowledging this rule, argues that relief from forfeiture ought not and will not be given a tenant whose default in payment of rent

is willful, calculated and persistent.[1] Assuming the correctness of this contention, we do not think the tenant comes within such description. The tenant's contention, as disclosed by our former opinion, was that there had been a modification of the rent fixed by the written lease. While the tenant has been persistent in that contention, it was neither fanciful nor arbitrary, and we do not feel such persistence constitutes willful default in view of the tenant's consistent position that it was ready and willing to pay such rent as was ultimately determined by the court to be proper.

The sufficiency of the tender is challenged on the ground that it did not include interest on the various instalments of rent from the respective dates they were due and payable. The tenant's position is that having tendered interest from date of trial to date of tender on the total amount found due at time of trial, it was not required to pay interest from any date previous to the trial court's determination of the amount in default.

■ The tenant relies heavily on the concluding paragraph of our former opinion hereinbefore quoted, and says that therein we specifically held that forfeiture could have been avoided by payment on entry of judgment of the sum of $70,291.34, the amount of rent then in default, and that inasmuch as we made no reference to interest, in effect we held that no interest for any period prior to the judgment was required. Such construction of our former opinion is erroneous. In that opinion we pointed out that in actions for possession for nonpayment of rent, when no money judgment for rent is sought, it is nevertheless proper practice for the trial court to specifically find the amount of rent in arrears. The reason for this is that while any default in rent may support a judgment for possession, determination of the amount in default is necessary in order that the tenant may know what amount he is required to pay, and the landlord what amount he is entitled to receive, in order to stay enforce-

[1] Cf. United States v. Forness, 2 Cir., 125 F.2d 928, certiorari denied City of Salamanca v. United States, 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764; Bonfils v. Ledoux, 8 Cir., 266 F. 507, 16 A. L.R. 430; Darvirris v. Boston Safe Deposit & Trust Co., 235 Mass. 76, 126 N. E. 382, 16 A.L.R. 429; Crawford v. Texas Improvement Co., Tex.Civ.App., 196 S.W. 195.

ment of the judgment for possession. For that reason we held it would have been proper for the trial court to have made express finding as to the amount of arrears; and because of its failure so to do we calculated from the trial court's findings the amount of rent due at time of trial and in affirming the judgment modified it to show such amount.

However, in the former appeal the question of interest on rent in arrears was not raised by either party, was not presented by any issue, was not considered by us, and was not decided by us. The question is now before us for the first time.

■ The lease called for payment of specified sums of rent at specified dates and the rule is that interest is allowed on contracts to pay money from the date the debt becomes due.[2] When an instalment of rent is due it becomes a legally collectible debt and the general rule is that interest is payable on instalments of rent from the time they become due.[3] The tenant says, even if this be the rule and interest be collectible on past-due rent in an action for a money judgment, the tenant is not required to include interest in his tender to avoid forfeiture. Cases are cited to the effect that distress will not lie for interest on rent, but we are not dealing with distress and those cases are inapplicable. Moreover, the right of distress in this jurisdiction was long ago abolished.[4]

■ In Sheets v. Selden, supra, it is stated that to avoid the forfeiture, "The rent due, with interest and costs, must be paid"; that "All arrears of rent, interest and costs must be paid or tendered"; and that "when the principal and interest are paid the compensation is complete." Similar expressions are used in Kann v. King, supra, Saks v. B. H. Stinemetz & Son Co., supra, Sechrist v. Bryant, supra, and Davis v. Taylor, supra. See also Escher v. Harrison Securities Co., 9 Cir., 79 F.2d 777, and Wylie v. Kirby, 115 Md. 282, 80 A. 962, Ann.Cas.1913A, 825.

These cases establish beyond question that a stay of judgment for possession for non-payment of rent is conditioned on payment or tender by the tenant of the rent due, together with interest and costs. The ground for granting relief to the tenant is that the provision of the lease giving the landlord the right to repossess for non-payment of rent is in substance merely security for payment of rent, and that upon payment of the arrears, interest and costs, the landlord has complete compensation and has no need to resort to his security.

■ We find nothing in the cases indicating that the interest required to make a sufficient tender is interest only from the time of judicial determination of default. The landlord is entitled to complete compensation, and since he is entitled to interest on the instalments from their due dates, a tender which does not include that interest does not give him complete compensation. Further illustrating that interest must be calculated from the due dates of the instalments, and not from the judgment, is the fact that tender may be made before judgment and the requirement of arrears, interest and costs applies equally to such tender and to one made after judgment.

■ The tenant makes the point that interest was not claimed in the bill of particulars. The action sought possession, not judgment for rent, and failure to claim interest is immaterial. The point also is made that the lease made no provision for interest. This point has already been answered. It is also claimed that because of a pending action in the District Court for rent and interest, interest ought not to be required in the tender. This argument, if good, would eliminate both rent and interest from the tender. It needs no answer. Finally, it is claimed that the landlord waived interest but we find nothing in the record justifying this claim.

Our conclusion is that the tender was insufficient for failure to include interest

---

[2] Hightstown Rug Co. v. National Savings & Trust Co., App.D.C., 162 F.2d 10.

[3] Britton v. Western Iowa Co., 8 Cir., 9 F.2d 488, 45 A.L.R. 711; In re Central of Georgia R. Co., D.C., S.D.Ga., 47 F.Supp. 786; Dennison v. Lee, 6 Gill. & J., Md., 383.

[4] Webb v. Sharp, 13 Wall., U.S., 14, 20 L.Ed. 478; Fowler v. Rapley, 15 Wall., U. S., 328, 21 L.Ed. 35.

on instalments of rent from their due dates, and the trial court was in error in holding the tender sufficient.

Furthermore, we think the trial court was in error in holding that the tenant was not required to tender, with accrued interest, rent which had become due after the date of judgment. The rule laid down by the Supreme Court is that "all arrears of rent, interest and costs" must be tendered. All arrears must necessarily refer to the time of tender, whether the tender be made before judgment, at time of judgment or after judgment. Relief to the tenant is given on equitable grounds and if he seeks equity he must do equity. The landlord is as much entitled to rent accruing after judgment as to that accrued before judgment and on which judgment is based. The tender is not made to satisfy the judgment, because the judgment is for possession. Tender is made as a basis for staying enforcement of the judgment and if the tenant is either unwilling or unable to pay all that is justly due the landlord at the time of tender there is no basis, legal or equitable, for restraining the landlord from enforcing his judgment. In other words, a tenant seeking relief from forfeiture of his lease must be prepared to square his account with his landlord.

Even had the tender been good, the trial court should not have ordered the judgment for possession satisfied of record. When a valid tender is made the proper procedure is to stay execution of the judgment.

The order of the trial court must be reversed, but in view of the tenant's expressed desire and avowed willingness on argument here to make a proper tender if this court should hold the previous tender insufficient, the trial court is directed to afford the tenant an opportunity to tender all accrued rent to date of tender, interest on all accruals from date of accrual to date of tender, and all costs. If such a tender is made, a permanent stay of execution shall be entered. If the parties cannot agree on the amount of arrears, interest and costs, the trial court shall determine the amount.

Reversed with instructions.