Sallie McKOY, Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 92–CV–1487.

District of Columbia Court of Appeals.

Argued Jan. 11, 1994.

Decided March 22, 1994.*

H.A. Cramer, with whom Elizabeth Yaghooti Collis, was on the brief, Washington, DC, for appellant.

Mary L. Wilson, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, were on the brief, for appellee.

Before KING and SULLIVAN, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

Appellant contends that the trial court: (a) improperly granted judgment for possession in favor of appellee despite the court's failure to first inquire of appellant if she agreed to pay the partial rent found to be due after trial; (b) committed reversible error by failing to enter adequate findings of fact pursuant to Super Ct.Civ.R. 52(a); and (c) abused its discretion by denying appellant's oral motion to stay a writ of restitution and subsequent motion to vacate the judgment on the ground that appellant's eviction mooted the case. We affirm.

After a non-jury trial, the trial court denied appellee's claim for rent in the amount of $13,000.00 and found that appellant owed rent in the amount of $1,200.00. Thereupon, the trial court entered judgment for possession in favor of appellee. Appellant does not contend that she was deprived of the opportunity to tender rent to avoid a forfeiture of her lease. Rather, her argument is that the trial court committed reversible error by not inquiring of her, after trial but prior to entry of judgment for possession, if she was willing to pay to her landlord the rent that the trial court had found to be due and owing.

In support of her argument, appellant relies on the following language in *Javins v. First Nat'l Realty Corp.*, 138 U.S.App.D.C. 369, 428 F.2d 1071, *cert. denied*, 400 U.S. 925, 91 S.Ct. 186, 27 L.Ed.2d 185 (1970) (footnotes omitted):

> The jury may find that part of the tenant's rental obligation has been suspended but that part of the unpaid back rent is indeed owed to the landlord. In these circumstances, no judgment for possession should issue if the tenant agrees to pay the partial rent found to be due. If the tenant refuses to pay the partial amount, a judgment for possession may then be entered.

The holding in *Javins*, however, was that the warranty of habitability, measured by the standard set out in the Housing Regulations for the District of Columbia, is implied by operation of law in all leases for residential dwelling units. *Id.* 138 U.S.App.D.C. at 380,

---

* This case was originally issued as a Memorandum Opinion and Judgment on March 22, 1994. It is being published upon the court's grant of appellee's motion to publish.

428 F.2d at 1082. Thus, we are not persuaded by appellant's argument that the *obiter dicta* in *Javins*, upon which she relies, requires trial judges, after trial but prior to entry of judgment for possession, to expressly inquire of tenants and ascertain whether they have a willingness to tender to their landlords the rental arrears found by the trial court to be owed. Indeed, we discern no indication whatsoever in *Javins* of that court's intention to modify the long-standing principle which has come to be known as the *Trans-Lux* doctrine. *See Trans-Lux Radio City Corp. v. Service Parking Corp.*, 54 A.2d 144, 146 (D.C.1947) (to avoid a forfeiture of a lease for nonpayment of rent, a tenant may pay the rent due, with interest and costs, before or after judgment). It is uncontroverted that appellant, who was represented by counsel in the trial court proceedings, had the opportunity to pay the rent, either before or after the entry of judgment for possession.[1]

Accordingly, the judgment on appeal is

*Affirmed.*

---

1. Appellant's argument that the court erred by not making findings of fact in accordance with Super.Ct.Civ.R. 52(a) is without merit in the absence of any challenge by her to any factual findings actually made by the trial court. In view of our disposition, we need not address the issue of whether appellant's eviction mooted the proceedings before the trial court.