Gregory I. HILL, Appellant,

v.

G.E. CAPITAL MORTGAGE
SERVICES, INC.,
Appellee.

No. 03–CV–1135.

District of Columbia Court of Appeals.

Submitted Sept. 2, 2004.
Decided Sept. 10, 2004.*

John F. Pressley, Jr., Washington, DC, was on the brief for appellant.

David B. Stratton and Katherine Battiste, Washington, DC, were on the brief, for appellee.

Before GLICKMAN and WASHINGTON, Associate Judges, and NEWMAN, Senior Judge.

WASHINGTON, Associate Judge:

Appellant Gregory I. Hill ("Dr. Hill") appeals from the trial court's order granting summary judgment to appellee, G.E. Capital Mortgage Services, Inc. ("G.E. Capital") and denying his motion for summary judgment in a suit for wrongful evic-

*The decision in this case was originally issued as a Memorandum Opinion and Judgment on September 10, 2004, and is now being published at the request of the trial judge.

tion. Dr. Hill contends that the trial court erred in its ruling on the competing motions for summary judgment because the trial court erroneously concluded that the notice provision of Super Ct. L & T R. 16(a) ("Rule 16(a)") was satisfied by Dr. Hill's prior consent to the entry of an order of possession in favor of G.E. Capital. We affirm.

## I.

Dr. Hill purchased a residential home located at 412 Aspen Street, N.W., in Washington, D.C. on June 29, 1990 with a mortgage serviced by G.E. Capital. In 1996, he defaulted on his mortgage payment obligations. The property was ultimately sold at foreclosure in November 1999. Thereafter, Dr. Hill and his family continued to reside in the home.

G.E. Capital initiated eviction proceedings on January 7, 2000 in the Superior Court of the District of Columbia, Landlord and Tenant Branch. On June 27, 2000, as a result of a settlement agreement between the parties, the trial court entered a consent order for possession in favor of G.E. Capital. The execution of the judgment was stayed until July 31, 2000 in order to give Dr. Hill an opportunity to repurchase the property on or before that date, pursuant to a contract of sale that Dr. Hill had entered into with G.E. Capital. Dr. Hill failed to complete a purchase of the property on or before July 31, 2000, and failed to relinquish possession of the house. Neither he nor his counsel sought an extension of the expiration date of the stay of execution reflected in the consent order.

On August 1, 2000, G.E. Capital secured a writ of restitution by which the United States Marshal was directed to recover possession of its property. The lower portion of the writ contained a typographical error indicating that the house number was "1512" rather than "412." As a result, the final eviction notice was mailed to the wrong address, and Dr. Hill never received it. On August 14, 2000, the Marshal properly executed the writ and Dr. Hill was evicted.

## II.

■■■ Summary judgment is appropriate if, when viewing the record in the light most favorable to the non-moving party, there are no genuine issues of material facts in dispute, and the moving party is entitled to judgment as a matter of law. Super. Ct. Civ. R. 56(c) (1995); *See Abdullah v. Roach,* 668 A.2d 801, 804 (D.C.1995). In reviewing summary judgment decisions, we conduct an independent review of the record, and apply the same standard as the trial court in considering whether the motion was properly granted. *See Burt v. First Am. Bank,* 490 A.2d 182, 184–85 (D.C.1985). This court will affirm the trial court upon a finding that the "'pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits,'" support the conclusion that there was no genuine issue of material fact. *Urban Masonry Corp. v. N & N Contractors, Inc.,* 676 A.2d 26, 30 (D.C. 1996) (quoting *Byrd v. Allstate Ins. Co.,* 622 A.2d 691, 693 (D.C.1993)).

■■■ Both parties agree that the address listed on the part of the writ of restitution that was mailed to Dr. Hill was incorrect and that Dr. Hill never received notice that a writ had been obtained by G.E. Capital prior to being evicted by the United States Marshal Service. Dr. Hill contends that G.E. Capital's negligence in filling out the notice portion of the writ rendered his subsequent eviction unlawful and therefore, he is entitled to damages resulting from the eviction. G.E. Capital, on the other hand, argues that the trial

court was correct as a matter of law when it concluded that Dr. Hill received adequate notice to vacate the premises or face eviction when he agreed to the entry of an order of possession in favor of G.E. Capital. Therefore, G.E. argues that the purposes of the notice provision of Rule 16(a) were satisfied with entry of the consent order and that as a matter of law Dr. Hill cannot recover damages for wrongful eviction.

Dr. Hill's entire argument is premised on the assumption that the purpose of the notice requirement of Rule 16(a) is to provide persons facing eviction with an opportunity to vacate the premises they are no longer entitled to possess before the United States Marshal takes steps to evict them. Dr. Hill, however, has not provided us with any legal support for this proposition beyond his mere surmise and our research has failed to reveal any legal support for such a conclusion.

Rule 16(a) provides that:

[a] prepared writ of restitution and the United States Marshal's 3–day notice to tenant shall be filed with the Clerk at the time that said writ is ordered .... The Clerk shall deliver the original [ ] writ and notice to the Marshal, who shall mail all such notices to the tenants before executing the [ ] writ[ ].

Super. Ct. L & T R. 16(a). According to our case law, the three-day notice is mailed to tenants in order to give them an opportunity to avoid eviction by paying arrearage of rent. *See Queen v. Postell,* 513 A.2d 812, 814 n. 5 (D.C.1986) (citing *Trans–Lux Radio City Corp. v. Service Parking Corp.,* 54 A.2d 144, 146 (D.C.1947)). Therefore, even had Dr. Hill received formal notice that a writ of restitution had been obtained by G.E. pursuant to Rule 16(a), the notice would not have served the purpose for which it was intended. He could not have avoided

eviction at the time the writ was issued because he was not a tenant who could redeem his tenancy by satisfying a money judgment for back rent and, therefore, he was not entitled to protections afforded renters under our decision in *Trans Lux,* 54 A.2d at 146. *See also Simpson v. Jack Spicer Real Estate, Inc.,* 396 A.2d 212, 214–215 (D.C.1978) (discussing the fallacy of an argument that a holdover tenant after foreclosure should be treated in the same manner as a tenant under the renter's statute).

Further, Dr. Hill consented to the entry of a judgment of possession in favor of G.E. Capital if he failed to repurchase the property on or before July 31, 2000. Thus on August 1, 2000, Dr. Hill not only knew that he could no longer challenge G.E. Capital's right to possession, but also knew that he could be removed from the property at any time. Therefore, even if we were to accept Dr. Hill's premise, that the notice provision of Rule 16(a) was also intended to serve as a notice to tenants that they were subject to eviction, Dr. Hill could not prove that he was injured by his failure to receive formal notice. To accept Dr. Hill's premise, moreover, would require us to conclude, as a matter of law, that a holdover tenant with no lawful right to possession of certain property, is nonetheless entitled to remain on that property until the Marshals evict him or her. That is not the law in the District of Columbia. Once the judgment of possession was entered in this case, only G.E. Capital was allowed to lawfully be in possession of that property. *See Brown v. Hornstein,* 669 A.2d 139, 142 (D.C.1996) (indicating that once a landlord has obtained a judgment of possession, the tenant must surrender possession forthwith).

Because Dr. Hill does not fall within the class of persons for whom the notice provision of Rule 16(a) was designed to provide

protection and because Dr. Hill was well aware that his continued possession of the property was in violation of the consent order that had been entered in this case, he cannot, as a matter of law, show that he suffered any injury by his failure to receive formal notice that a writ of restitution had been obtained by G.E. Capital pursuant to Rule 16(a). Therefore, the trial court did not err in granting G.E. Capital's motion for summary judgment and denying Dr. Hill's competing motion.

For the foregoing reasons, the judgment of the trial court is

*Affirmed.*