**GUNN v. BROWN.**

No. 604.

Municipal Court of Appeals for the District of Columbia.

June 9, 1948.

Raymond Godbersen, of Washington, D. C., for appellant.

No appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant, a landlord, sued and obtained judgment against his tenant for possession of certain dwelling property for nonpayment of rent. Although the judgment was in favor of the landlord, he has appealed on the ground that the trial court in rendering judgment held, in effect, that the tenant could avoid operation of the judgment, i. e., remain in possession, by payment of the rent in default.

In Trans-Lux Radio City Corporation v. Service Parking Corporation, D.C.Mun. App., 54 A.2d 144, 146, this court said:

"At least since Sheets v. Selden, 7 Wall., U.S., 416, 19 L.Ed. 166, it has been the rule in this jurisdiction that a court of law or equity may relieve a tenant from forfeiture of his lease for nonpayment of rent by permitting him before or after judgment, so long as he is in possession, i. e., before 'execution is executed.' to pay the rent due, with interest and costs. Upon this being done, a final stay of proceedings is ordered."

The landlord argues that the above stated rule is based upon equitable principles and does not apply when the tenant over a period of time willfully and persistently defaults in payment of rent. In the present case, the complaint alleged that during the period from August 3, 1946, to December 3, 1947, the tenant defaulted in payment of rent each month; that such defaults were willful, calculated and persistent; and that in each instance rent was paid only after the landlord had obtained judgment for possession and writ of restitution had been issued. Two months rent was in default when the present action was brought. The landlord contends that in these circumstances the trial court was in error in ruling that forfeiture of the lease could be avoided by payment of the rent in arrears.

The question presented was raised in Trans-Lux Radio City Corporation v. Service Parking, supra, but was not decided, and has never been decided in this jurisdiction. Nor can the question be decided now, because in our opinion the landlord has waived his right to raise it. The complaint, filed February 5, 1948, alleged that the monthly rental was $25, payable in advance on the third day of each month, and that rent due on January 3 and February 3 was then in default. The complaint sought both a judgment for possession for nonpayment of rent and a money judgment for $50 for the rent then in default; and both judgments were awarded.

We think when the landlord coupled with his demand for possession a demand for rent for the current month, he recognized the right of the tenant to pay the rent and remain in possession. It is true that such rent had accrued, because it was payable in advance on February 3, but the consideration for that rent was the use and occupancy of the premises for the month ending March 2. The landlord could not dispossess the tenant for nonpayment of rent, which though due, represented a period extending beyond the time of the filing of the action, and at the same time collect rent from the tenant for such period. If the tenant failed to pay, the landlord was entitled to possession; but if the tenant paid, he could not be dispossessed. And the landlord here is in no position to deny to the tenant the right to pay that for which the landlord has made claim and obtained judgment.

Affirmed.