## COHEN v. BASILIKO.

### No. 1491.

Municipal Court of Appeals for the
District of Columbia.

Argued June 2, 1954.

Decided June 21, 1954.

Mark P. Friedlander, Washington, D. C., for appellant.

A. Slater Clarke, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

We are asked to review the action of the trial court in denying a tenant's motion to vacate a judgment for possession and refusing to stay a writ of restitution.

The suit was predicated on an allegation that "the tenant has violated the terms of the lease." Judgment for possession was entered by default, plaintiff consenting to a stay of execution of some five weeks. After a writ of restitution was issued defendant filed a motion to vacate the judgment, or in the alternative to stay execution of the writ of restitution. Defendant's position was that though the complaint did not recite that the suit was for nonpayment of rent such was actually the case; that he had not in any other manner "violated the terms of the lease"; that he had tendered the rent owing and renewed the tender in open court; and that hence his lease rights which had some eighteen months to run ought not to be forfeited. The trial judge excluded testimony as to these contentions and specifically refused to permit cross-examination of plaintiff (or any examination of plaintiff's attorney who had signed the complaint) to show that the suit was really brought for nonpayment of rent and for no other reason. The trial judge took the position that the default judgment precluded defendant from going into that phase of the matter, apparently treating the proceeding as one concerned only with the question as to whether the default judgment should be vacated.

If that were the only question before us, we would be inclined to rule that the matter was in the realm of discretion. But, as we have seen, the motion was in the alternative and sought two distinct forms of relief: (1) vacation of the judgment, and (2) stay of

execution. Naturally, if the first relief had been granted and the judgment vacated, the writ of restitution would necessarily have become inoperative. But it does not follow that a denial of the motion to vacate the judgment would also require a refusal to stay the writ of restitution. In many situations a tenant may be in the position of conceding the validity of a judgment, but at the same time insisting on his right to relief from a forfeiture, where execution of the judgment would work a forfeiture.

We have several times held that such relief should be granted where the possessory action is grounded only upon a claim of nonpayment of rent, and that a tenant who is still in possession may avoid forfeiture of his lease by paying all rent due before the execution of the writ of restitution.[1] In one case we stated the rule thus: "If the tenant failed to pay, the landlord was entitled to possession; but if the tenant paid, he could not be dispossessed. And the landlord here is in no position to deny to the tenant the right to pay that for which the landlord has made claim and obtained judgment."[2] When this rule is put into operation the judgment itself is not set aside but a permanent stay of execution results.

What we have said amounts to this: a situation may be such that a tenant would become entitled to have restitution stayed even though not entitled to have a possessory judgment vacated. Whether this defendant was entitled to such relief is not clear from the record. The complaint did not state what violation was being charged against the tenant, and nothing in the judgment, or in the ruling on the subsequent motion, cleared up that question. We therefore think it is necessary to remand the case to the trial court for the purpose of taking testimony as to the nature of the lease violation charged by the landlord and whether it was for nonpayment of rent. If the trial court finds that the tenant's only default

was his failure to pay rent, it should order a stay of restitution in accordance with the rule we have stated above. If on the other hand the trial court arrives at the decision that some other lease violation was involved, it shall certify to this court a supplemental record containing a recital of the additional testimony taken and additional findings or rulings made.

Remanded, with instructions.

1. Burrows Motor Co. v. Davis, D.C.Mun. App., 76 A.2d 163; Gunn v. Brown, D. C.Mun.App., 59 A.2d 518; Trans-Lux Radio City Corp. v. Service Parking Corp., D.C.Mun.App., 54 A.2d 144. See also Sheets v. Selden, 7 Wall. 416, 19 L. Ed. 166.

2. Gunn v. Brown, supra, 59 A.2d at page 519.