Daniel SMITH, Appellant,

v.

**WARREN PETROLEUM CORPORATION,**
Appellee.

No. 1872.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 17, 1956.

Decided Nov. 2, 1956.

Herman Miller, Washington, D. C., with
whom James Shenos, Washington, D. C.,
was on the brief, for appellant.

William P. McClure, Washington, D. C.,
with whom Girard R. Jetton, Jr., Arthur C.
Elgin and Carl G. Engling, Washington,
D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is by a tenant from a judg-
ment awarding possession of the leased
premises to his landlord. Suit was brought
and judgment awarded on the ground that
the tenant had violated a covenant of the
lease requiring the tenant to pay certain
utility charges, in default of which the
landlord was entitled to cancel and ter-

minate the lease. The trial court found that "the failure of defendant (tenant) to pay said utility bills when presented was deliberate and intentional," and concluded that a tender of the amount due, made immediately before trial, did not entitle tenant to continue in possession.

■ On this appeal the tenant's principal contention is that it was error to hold that the tender before trial of the entire amount of the utility charges then in arrears, would not relieve him from cancellation and termination of the lease. He relies upon the principle that a court of law or equity may relieve a tenant from forfeiture of his lease for nonpayment of rent by permitting him before or after judgment, so long as he is in possession, to pay the rent due with interest and costs. See Trans-Lux Radio City Corp. v. Service Parking Corp., D.C.Mun.App., 54 A.2d 144, and cases there cited.

■ Although that principle is well established in this jurisdiction and is entitled to liberal application, it does not mean that a tenant may intentionally and deliberately ignore his obligation to pay until brought into court, and then demand that he be allowed to escape the consequences of his acts by a belated payment of that which should have been paid in accordance with the terms of his lease. Relief from forfeiture of a lease rests upon equitable grounds, and refusal to grant equitable relief to a tenant who has deliberately breached a covenant of his lease is within the sound discretion of the trial court. We see no abuse of discretion in this case.

■ The tenant admitted his obligation to pay the utility bills, admitted regularly receiving them, admitted he had in no way questioned the correctness of them, admitted he had paid no part of them, and offered no excuse for his failure to pay. The trial court found no basis for granting equitable relief and neither do we.

■ A second contention of the tenant is that the action was prematurely brought because no formal demand had ever been made upon him for payment as required by the lease. The statement of proceedings and evidence shows the contrary.

Affirmed.