DE SALES STREET CORPORATION, Assignee of John Loughran, Trustee, a corporation, Appellant,

v.

DRAGON, INC., a corporation, Appellee.

No. 2586.

Municipal Court of Appeals for the District of Columbia.

Argued June 27, 1960.

Decided Sept. 21, 1960.

Herman Miller, Washington, D. C., for appellant.

Samuel Klein, with whom John T. Reges, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This is an appeal from an order granting appellee's motion to stay execution of a writ of restitution.

In 1945 appellee, hereinafter called the corporation, began operation of a restaurant at 1329 G Street, N. W., under a ten-year lease, which, upon expiration, was renewed for an additional ten years at a reduced monthly rental of $1,312.50. When the corporation defaulted on four consecutive payments during early 1958, its landlord, John Loughran, trustee of the estate of Daniel Loughran, brought suit therefor and recovered a judgment in the amount of $5,250. Counsel for the respective parties then executed and filed a stipulation whereby the corporation agreed to liquidate the indebtedness by ten monthly installments of $525, besides its regular rent, in return for a stay of execution on the judgment. A further provision required that the payments be made by the fifth day of each month or " * * * the plaintiff shall have the right to immediately issue a writ of restitution and take any other legal steps as he deems necessary to fully protect his judgment entered herein * * *."

Shortly thereafter, the corporation's secretary informed Loughran that the corporation was financially unable to comply

with that arrangement and suggested that the payments in discharge of the arrearage be lowered to $250 a month. Loughran consented to this proposal and in partial compliance therewith, the corporation intermittently made ten such payments over a period extending from October 14, 1958, through December 28, 1959. Thus, a sum of $2,750 remained outstanding on the judgment debt when, on December 30, 1959, Loughran assigned the lease, accrued rent, and the arrearage to appellant. On January 4, 1960, the corporation learned of the assignment and immediately sent appellant a check for $750, such sum to be applied to the existing deficit. On that same day appellant filed an action in the District Court for the District of Columbia seeking an award for accrued rent, the balance remaining on the judgment, and interest. The following day a United States Marshal attempted to serve upon the corporation an alias writ of restitution, issued out of the Municipal Court, on the basis of the 1958 judgment, and the corporation at that time made an unconditional tender of all monies due. Appellant refused to accept the tender and the corporation subsequently filed the present motion to stay execution of the writ. The motion was granted and this appeal followed.

 Appellant first asserts that the trial court acted improperly in relieving the corporation from forfeiture of its lease because the failure to pay accruing rent and to satisfy the judgment, both under terms mutually agreed upon, was deliberate and intentional. We do not believe that a careful scrutiny of the record requires or even suggests such an inference. Rather than showing a willful refusal or conduct equivalent thereto, it appears that the corporation's failure to fulfill its obligations resulted from financial inability due to a decline in its restaurant trade.

Nor did the prior stipulation or oral modification thereof prevent the trial court from affording the corporation equitable relief from the imminent termination of its lease. We need not consider the effect, if any, of a valid and subsisting stipulation on the court's power to avoid a forfeiture. In the instant case appellant's assignor might have insisted on strict adherence to the conditions of the stipulation or its oral successor but, instead, continuously indulged the corporation's delinquencies and thus waived any right he or appellant might otherwise have had to abruptly terminate the lease and gain possession of the premises without giving the corporation the opportunity to redeem itself.

Affirmed.