John William MOLYNEAUX and Ruth K. Kennedy, Appellants,

v.

TOWN HOUSE, INC., Appellee (two cases).

Nos. 3329, 3330.

District of Columbia Court of Appeals.

Argued Oct. 7, 1963.

Decided Dec. 12, 1963.

Arthur V. Butler, Washington, D. C., with whom Edward J. Gorman, Jr., Washington, D. C., was on the brief, for appellants.

Leonard B. Sussholz, Washington, D. C., for appellee. George A. Kramer, Arlington, Va., also entered an appearance for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

These are appeals by landlords from permanent stays granted a corporate tenant of execution upon judgments for possession in two suits consolidated for trial in the Landlord and Tenant Branch.

On August 14, 1961, a written lease was executed by Capitola Curtin, as landlord, and Town House, Inc., as tenant, for use and occupancy by the latter in the conduct of a restaurant for a period of twelve years. The lease provided that for the first five years the rent should be 3½% per month of the gross business, with a minimum monthly rental of $490, payable the first of each month beginning September 1, 1961, the balance, if any, to be paid into a building fund by the 15th of each month beginning September 15, 1961. The lease also provided " * * * that if any installments of rent * * * shall not be paid at the time agreed upon, although no demand shall have been made for the same, or if any of the covenants herein contained be not performed according to their full tenure, it shall be lawful for the said Landlord to terminate by notice in writing of ten (10) days to that effect * * * and

upon the expiration of said ten (10) days, tenancy created by this lease shall forever cease and terminate * * *." This notice was in lieu of any other or further notice.

On July 23, 1962, Mrs. Curtin died. By her will the property was devised to the present landlords, appellants here, who, in August, 1962, advised the tenant that they were the new owners and requested an accounting in order to determine whether any overages had accrued which should have been deposited in the building fund. The president of corporate appellee, although admitting owing several hundred dollars, did not render an accounting. Finally, on October 1, 1962, the landlords made written demand for payment of overdue rents for September and October, 1962,[1] and for an accounting. When this request was ignored, appellants, by letter dated October 31, 1962, advised appellee that, because of its failure to comply with the terms of the lease, the tenancy would terminate upon the expiration of ten days. On November 20, 1962, appellants filed suit against the tenant seeking possession and asking judgment for $900 arrears in rent. In the early morning hours of December 1, 1962, appellee's president placed at the rear door of appellant Molyneaux' house an envelope containing money orders and cash totaling $1,323.06 covering rent for October and November, 1962, and overages calculated to be due for the period September 1, 1961, through October, 1962.[2] The tender was rejected by the landlords. On December 5, 1962, the landlords filed a second suit again seeking possession of the premises, alleging default in payment of rent for December, 1962, and failure of appellee "to live up to terms of the lease." No demand for judgment for rent in arrears

was made. The two suits were consolidated for trial at which time (December 20, 1962), appellee renewed its tender of the aforementioned sum of $1,323.06, plus $490 for the December rent.

At the conclusion of the hearing the trial judge announced that there had been a breach of the lease as a result of the failure of the tenant to pay the minimum rent due for October, November and December, 1962, and to make an accounting and deposit of the accumulated overages,[3] that tender of the arrearages had been made too late, and that the landlords were entitled to possession in both suits. Upon motions of the tenant for permanent stays of execution, the trial judge filed a written memorandum in which he held that the second suit "for rents accruing in advance"[4] recognized the existence of the lease and constituted a waiver of all prior breaches and that the judgments for possession would remain "but upon payment by the tenant of all rent and charges in arrears, plus interest and costs, the [tenant's] motions for permanent stay of execution will be granted."

The landlords contend that the court had no power to grant permanent stays after awarding possession and that it erred in holding that the second action confirmed the existence of the lease.

■ In landlord and tenant cases, it is now well settled in this jurisdiction that a court of law or equity may relieve a tenant in possession from forfeiture of a lease for nonpayment of rent by permitting him before or after judgment to pay the rent due. This means that all arrears of rent, interest and costs must be tendered. Relief to the tenant is given on equitable

1. The September rent was paid shortly thereafter.

2. Overages for November, 1962, had not yet been calculated. Rent for December, 1962, was not yet due.

3. He also made a finding that earlier breaches had been waived by the previous

owner by not insisting on strict compliance with the terms of the lease and that the new owners had, to a certain extent, waived some of the subsequent breaches.

4. Both parties concede this is a misstatement and that the second suit was for possession only.

grounds, and if the tenant seeks equity, he must do equity. In other words, a tenant seeking relief from forfeiture must be prepared to square his account with the landlord to date of tender. Therefore, when a valid tender is made, the proper procedure is to stay execution of judgment for possession. Cohen v. Basiliko, D.C. Mun.App., 106 A.2d 142, 143; Gunn v. Brown, D.C.Mun.App., 59 A.2d 518; Trans-Lux Radio City Corp. v. Service Parking Corp., D.C.Mun.App., 54 A.2d 144 and cases cited therein. However, the default must not be wilful, deliberate or intentional if the equitable relief is to be granted. Smith v. Warren Petroleum Corp., D.C. Mun.App., 126 A.2d 152; Trans-Lux Radio City Corp. v. Service Parking Corp., supra. In the application of these recognized legal principles to the facts of the present cases, the record reveals no prejudicial error or abuse of discretion by the trial judge.

The confusion in the present cases arises from the unbusinesslike conduct of both parties in the course of their landlord-tenant relationship and from the laxity of appellee in complying with, and appellants in more promptly enforcing, the provisions of their written lease.

As we have related, appellants upon succeeding to the ownership of the property, made intermittent demands over a period of more than three months for payment of rent and an accounting. When appellee continued to be tardy in meeting its obligations, appellants finally gave ten days' notice of termination of the lease. Approximately three weeks thereafter they filed the first suit seeking possession and judgment for rent due. Only then did appellee tender payment, which was rejected. Several days later, and before trial of the first suit, appellants filed a second action, this one seeking possession only predicated upon appellee's default in payment of rent for December due *under the terms of the lease.* Thus, when the two consolidated cases came to trial, the

landlords were in the dichotomous and irreconcilable position of, on the one hand, maintaining, as in the first suit, that the lease had expired and that they were thus entitled to possession, and, at the same time, in the second suit, acknowledging the continued existence of the lease and seeking possession for appellee's failure to live up to its rent terms.

■ We agree with the trial judge that the second suit, alleging breach of the lease, inconsistent with appellants' position in the first one based on the expiration of the lease, was tantamount to a waiver of the prior breaches so that appellee's offer of November 30, 1962, to make payment in full, renewed at trial, justified the action of the trial judge in granting a permanent stay of execution in the first suit. DeSales Street Corporation v. Dragon, Inc., D.C.Mun.App., 163 A.2d 623.

■ As to the second suit, it does not appear that before instituting action appellants gave the requisite ten days' notice to terminate the lease. The letter of October 31, 1962, did not suffice for that purpose, for it must be deemed to have been waived or revoked by appellants' acknowledgment in the second suit that there was an existing lease between the parties. As its provisions relating to termination notice had not been met and appellee had made a timely tender of payment in full, including the rent for December, the second complaint should have been dismissed. The entry of judgment for possession was error, and the propriety of the permanent stay of execution consequently is moot.

We therefore affirm the judgment for appellants for possession in the first suit "with a permanent stay of execution upon the payment by the tenant of all rent and charges in arrears; plus interest and costs." The judgment in the second suit, having been improperly granted, must be vacated and the complaint dismissed.

It is so ordered.