W. Dennis GRUBB,
Appellant/Cross-Appellee,

v.

WM. CALOMIRIS INVESTMENT COR-
PORATION, Appellee/Cross-Appellant.

Nos. 90-285, 90-427.

District of Columbia Court of Appeals.

Submitted Feb. 7, 1991.
Decided Feb. 13, 1991.*

---

* The disposition in this case was originally issued as a Memorandum Opinion and Judgment on February 13, 1991, and is being published upon the court's grant of appellee's motion to publish.

Howard W. Gordon, was on the brief, Washington, D.C., for appellant in No. 90–285 and appellee in No. 90–427.

Rena Schild, was on the brief, Washington, D.C., for appellant in No. 90–427 and appellee in No. 90–285.

Before BELSON and FARRELL, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM.

On this appeal from a judgment of possession entered in favor of the landlord, appellant-tenant argues that the trial judge failed to conduct the proper balancing of factors under *Entrepreneur, Ltd. v. Yasuna*, 498 A.2d 1151 (D.C.1985), before permitting the drastic remedy of forfeiture of a lease. We disagree and affirm.

I.

The Wm. Calomiris Investment Corporation (landlord) sued W. Dennis Grubb (tenant) for possession of a residential rental apartment unit, alleging that tenant had violated two provisions of their lease—covenant 7 and covenant 29.[1] The trial judge awarded judgment for possession to the landlord because the tenant had failed to correct the violation of covenant 29 or leave the premises after receiving proper notice to cure or vacate. The violation, which is not seriously in dispute, consisted of allowing a friend to occupy the apartment with the tenant throughout the thirty-day cure period—from September 22, 1988 through November 1, 1988—without the written consent of the landlord. On the other hand, the judge rejected the landlord's contention that the tenant had sublet or parted with possession of the apartment in violation of covenant 7 by allowing his friend to live in the apartment from 1984 to February 1990.[2]

The parties entered into the residential lease in 1977. In 1984 Mr. Appleton, the tenant's friend, moved into the apartment unit. In 1985, the landlord's resident manager first noticed that Appleton was living in the apartment; she confirmed this knowledge at least twice during Appleton's occupancy—once in September or October of 1986 when Appleton requested maintenance service for the apartment from the landlord, and again in December 1987 when he responded in writing to the landlord's written request to tenants for the names of all residents of the building. The judge found that the landlord took no action regarding Appleton's unauthorized presence in the apartment until August 1988, when the resident manager conferred with the property manager about the matter. On September 22, 1988, the landlord notified the tenant that it was "seeking strict enforcement of the lease covenant[s]" and served on him a "Notice to Cure Violation of Tenancy or Vacate," which stated that the tenant was in violation of covenants 7 and 29 and gave him thirty days in which to cure the violations.

In October 1988, the tenant responded to this notice by a letter to the landlord denying that he was subletting the apartment in violation of covenant 7. The trial judge found, however, that this letter "did not address the presence of Mr. Appleton and specifically the presence of Mr. Appleton in relation to covenant number 29." Because, during the thirty-day cure period, the tenant neither requested written consent from the landlord for Appleton to occupy the premises nor required Appleton to move out of the apartment, the judge ruled that the tenant had breached covenant 29 and that under *Yasuna, supra,* forfeiture of the lease was appropriate.

1. Covenant 7 provides:
   That [the tenant] will not transfer nor assign this agreement, nor let nor sublet nor part with the possession of the whole or any part of said premises without the written consent of Landlord first had and obtained.
   Covenant 29 provides:
   That said apartment shall be occupied by W. Dennis Grubb & Alix C. DeSeife (ONLY) and

that no other person or persons shall be permitted to occupy the same without written consent of the Landlord.

2. The landlord cross-appeals from this determination, but in view of our disposition of the appeal it is unnecessary to decide that issue.

## II.

■ Appellant first contends that the lengthy acquiescence in the breach of covenant 29 which the trial judge found barred the landlord from thereafter enforcing the covenant by a notice to correct or vacate. We implicitly rejected this contention in *Yasuna, supra,* in which, while affirming the rule that "acquiesc[ence] for a long period of time in the breach of [a] lease covenant with full knowledge of the breach" constitutes a waiver of the breach, 498 A.2d at 1163–64, we made clear that such acquiescence does not bar the landlord forever from enforcing the covenant.

Once the landlord has, by his conduct, in effect acquiesced in the breach of the lease covenant, he may stand on his legal right to enforce the covenant only if he gives notice of his intent to the tenant and an opportunity to cure the default prior to declaring a forfeiture.... For where the landlord has long tolerated his tenant's conduct without protest, and has accepted the benefits accruing to him under the lease, it would be "inequitable for landlord to enforce a forfeiture ... at least without a reasonable warning to tenant to conform to the terms of the lease." ... Such a landlord will be estopped from "abandon[ing] his custom and enforc[ing] the terms of the lease literally and strictly without giving fair notice and warning to the tenant who has come to rely on the custom."

*Id.* at 1162–63 (citations and footnote omitted). *See also Pritch v. Henry,* 543 A.2d 808, 813 n. 7 (D.C.1988). Here the judge found that appellant had been given the statutory notice and opportunity to cure, D.C.Code § 45–2551(b) (1990), and failed to correct the violation. Appellant argues that the landlord in fact did not permit him to cure the violation because, in a conversation following issuance of the notice, the landlord's agent told him that his choice was either to renegotiate the lease (at a higher rent) or vacate the apartment, and did not include the possibility of consent to Appleton's continued occupancy. The judge, however, did not accept this version of events and found instead that the sole pertinent communication during the cure

period was appellant's October 1988 letter to the landlord, which "did not address the presence of Mr. Appleton and specifically the presence of Mr. Appleton in relation to covenant number 29." In other words, the judge found that during the cure period appellant neither caused Appleton to vacate nor sought the landlord's written consent to Appleton's continued occupancy of the apartment. We find no basis in the record for disturbing this finding. D.C.Code § 17–305(a) (1989).

■ Appellant further argues that, even if the landlord's notice erased the longstanding acquiescence in Appleton's occupancy, the judge did not properly apply the various equitable factors discussed in *Yasuna* as bearing on the propriety of forfeiture. *Yasuna,* 498 A.2d at 1160, 1161, 1164; *see Shapiro v. Tauber,* 575 A.2d 297, 300 (D.C.1990). We disagree. *Yasuna* points out that a relevant factor in determining whether forfeiture should be ordered is the presence or absence of "fair dealing" by the landlord, *i.e.,* whether "a breach was declared only when the landlord for other reasons desired to dispossess the tenant." 498 A.2d at 1160; *see also* D.C.Code § 45–2552. The trial judge expressly found that appellant "has not demonstrated that this action was a pretext by the landlord for any reason which would be cognizable by this Court."

■ Appellant contends that covenant 29, restricting the occupants of the apartment subject to the landlord's written consent, was an "insignificant" term of the lease which made the provision "insubstantial" and the enforcement unfair. To justify a forfeiture, "[t]he promise made by the tenant must be a significant inducement to the landlord to make the lease." RESTATEMENT (SECOND) OF PROPERTY, LANDLORD AND TENANT § 13.1 comment g (1977). Whether a tenant's promise is significant to the landlord's agreement to the lease depends on the circumstances. *Id.* Appellant has failed to show that when the landlord made the lease in 1977, it was not induced by the tenant's promise to comply with covenant 29. The fact that the landlord acquiesced

in the breach over a period of time does not mean the promise was not a "significant inducement" to the making of the lease. The breach of a tenant's promise to limit the occupancy of a rental unit can be significant and serve as the basis for eviction. *See, e.g., Cooley v. Suitland Parkway Overlook Tenants' Ass'n,* 460 A.2d 574 (D.C.1983).

■ Finally, appellant seeks relief from the forfeiture because the violation was cured in February 1990 (shortly before the trial date) when Appleton moved out of the apartment. Having found that appellant was in clear violation of the lease and never attempted to cure the breach during the cure period, however, the trial court found no basis for granting him relief from the forfeiture. "[R]efusal to grant equitable relief to a tenant who has deliberately breached a covenant of his lease is within the sound discretion of the trial court." *Smith v. Warren Petroleum Corp.,* 126 A.2d 152, 153 (D.C.1956). *See Pritch v. Henry,* 543 A.2d at 813. The judge's refusal to grant equitable relief based on the belated cure was not an abuse of discretion.

Accordingly, the judgment of the Superior Court is

*Affirmed.*